LAW LIBRARY

NO. 29701

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
KIRK McCARTHY, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
KĀNE'OHE DIVISION
(HPD CRIMINAL NO. 06400769 (1P407001130))

MEMORANDUM OPINION
(By: Fujise, Presiding Judge, Leonard, and Reifurth, JJ.)

Defendant-Appellant Kirk McCarthy (McCarthy) appeals
from the Notice of Entry of Judgment and/or Order (Judgment)
filed on January 15, 2009 in the District Court of the First
Circuit, Kāne'ohe Division (district court).[1]  McCarthy was
convicted of Harassment in violation of section 711-1106(1)(b),
Hawaii Revised Statutes (Section 711-1106(1)(b)),[2] and sentenced
to probation for six months, seventy-five hours of community
service, anger management assessment and treatment, mental health
assessment and treatment, and various fees.  By Complaint and
Penal Summons (complaint), the State charged McCarthy with
Harassment as follows:

> On or about the 4th day of October, 2006, in the City
> and County of Honolulu, State of Hawaii, KIRK MCCARTHY, with
> intent to harass, annoy, or alarm SCOTT AKAU, did insult,
> taunt, or challenge SCOTT AKAU in a manner likely to provoke

---

[1]    The Honorable Fa'auuga To'oto'o presided.

[2]    Section 711-1106(1)(b) provides, as follows:

(1)    A person commits the offense of harassment if, with
intent to harass, annoy, or alarm another person, that
person:

. . . .

(b)    Insults, taunts, or challenges another person in a manner
likely to provoke an immediate violent response or that
would cause the other person to reasonably believe that the
actor intends to cause bodily injury to the recipient or
another, or damage to the property of the recipient or
another[.]

HAW. REV. STAT. § 711-1106(1)(b) (Supp. 2009).

an immediate violent response or that would cause SCOTT AKAU to reasonably believe that KIRK MCCARTHY intended to cause bodily injury to him or another or damage to the property of SCOTT AKAU or another, thereby committing the offense of Harassment in violation of Section 711-1106(1)(b) of the Hawaii Revised Statutes.

On appeal, McCarthy contends that the district court erred: (1) in denying his motion to dismiss the complaint; (2) in finding him guilty of Harassment when there was insufficient credible evidence that he violated the law; and (3) in denying his Motion for Judgment of Acquittal or in the Alternative New Trial.

We agree with McCarthy that the district court erred in denying his motion to dismiss the complaint. Accordingly, we find it unnecessary to consider McCarthy's other arguments on appeal.

I.    Background

According to the complaining witness, Scott Akau (Akau), he and his children returned home from volleyball practice on October 4, 2006, at approximately 5:30 p.m. While unloading the back of his pickup truck, Akau claims to have observed his neighbor, McCarthy, standing on his own property, "sticking his middle finder up at me[,]" and "proceeded to use the F word repeatedly."

With his children standing near the pick up truck, Akau approached McCarthy's driveway. According to Akau, McCarthy was smacking his fist into the palm of his hand, saying, "Oh, yeah, come in my property. I'm going to rip your head off. I'm going to kill you." According to McCarthy, he attempted to close the gate to his driveway.

McCarthy, on the other hand, contended that Akau initiated the incident that evening. According to McCarthy, he observed Akau passing by in his vehicle while McCarthy was cleaning a dog crate in his front yard. Approximately two minutes later, Akau allegedly "came stomping over very aggressively, angrily, very agitated screaming out . . . [']I'm going to clear the air. I'm going to clear the F'en air. You are going to listen to me[,']" and kept repeating those words.

Akau testified that before approaching McCarthy, Akau instructed his son to telephone 911. Within a few minutes the police arrived. McCarthy did not file a report.

On October 6, 2006, at Akau's request, the court issued a temporary restraining order and injunction against McCarthy. According to the State, on October 9, 2006, Akau filed a complaint against McCarthy for the offense of second degree terroristic threatening, and on June 19, 2007 an amended charge for the offense of harassment was accepted for prosecution. On October 4, 2007, one year from the date of the incident, the State filed the complaint charging McCarthy with harassment.

## II. The Complaint Did Not Provide McCarthy With Sufficient Notice Of The Charge

We review the denial of McCarthy's motion to dismiss *de novo*. "Whether an indictment or complaint sets forth all the essential elements of a charged offense . . . is a question of law, which we review under the *de novo*, or right/wrong standard." *State v. Merino*, 81 Hawaiʻi 198, 212, 915 P.2d 672, 686 (1996) (internal quotation marks, citations, and brackets omitted).

McCarthy argues that the complaint did not sufficiently inform him of the specific charge against him. Article I, section 14 of the Hawaiʻi Constitution provides in relevant part that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation." *See also* U.S. Const. amend. VI.

"The accusation must sufficiently allege all of the essential elements of the offense charged," whether the accusation is in the nature of an oral charge, information, indictment, or complaint. *State v. Jendrusch,* 58 Haw. 279, 281, 567 P.2d 1242, 1244 (1977). As such, "the sufficiency of the charging instrument is measured, *inter alia,* by 'whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he or she must be prepared to meet." *State v. Ruggiero,* 114 Hawaiʻi 227, 239, 160 P.3d 703, 715 (2007) (citing *State v. Wells,* 78 Hawaiʻi 373, 379-80, 894 P.2d 70, 76-77 (1995)) (internal brackets omitted).

The complaint is insufficient because it charges the results of the conduct in the disjunctive ("or"), rather than in the conjunctive ("and"). In charging harassment under Section 711-1106(1)(b), the State is required to prove, beyond a reasonable doubt, three material elements:[3] (1) that the defendant insulted, taunted, or challenged another person (i.e., the prohibited conduct); (2) that the defendant did so in a manner (a) likely to provoke an immediate violent response on the part of the other person, or (b) that would cause the other person to reasonably believe that the defendant intends to cause bodily injury or property damage to the other person or another (i.e., the probable result of the prohibited conduct); and (3) that the defendant did so with the intent to harass, annoy, or alarm the other person (i.e., the requisite state of mind). *See State v. Taliferro*, 77 Hawai'i 196, 200, 881 P.2d 1264, 1268 (App. 1994); *In re John Doe*, 76 Hawai'i 85, 92, 869 P.2d 1304, 1311 (1994).

The complaint alleges that McCarthy, with intent to harass, annoy or alarm (state of mind), insulted, taunted or challenged (prohibited conduct) Akau in a manner:

(1) likely to provoke an immediate violent response, OR

(2) that would cause Akau to reasonably believe that McCarthy intended to cause:

    (a) bodily injury to (i) him OR (ii) another, OR

    (b) damage to the property of (i) Akau OR (ii) another (probable result of the prohibited conduct).

Use of the disjunctive to combine multiple forms of conduct, having multiple potential consequences, into a single count of harassment violates the requirements of due process because provoking someone to fight and causing fear of injury are not

---

[3] The elements of an offense are such (1) conduct, (2) attendant circumstances, and (3) results of the conduct, as:

    (a) Are specified by the definition of the offense, and

    (b) Negative a defense (other than a defense based on the statute of limitations, lack of venue, or lack of jurisdiction).

HAW. REV. STAT. § 702-205 (1993).

synonymous terms; hence, McCarthy was not put on notice of what he was charged with doing.

The supreme court has held that "[g]enerally speaking, a charge drawn from the language of the statute proscribing the offense is not fatally defective." *State v. Cordeiro*, 99 Hawai'i 390, 406, 56 P.3d 692, 708 (2002). Nevertheless, "[a]lthough the detailed and technical niceties of previous pleading and practice are no longer required, a charge must still be in a legally sufficient form which correctly advises the defendant about the allegations against him or her." *State v. Israel*, 78 Hawai'i 66, 69, 890 P.2d 303, 306 (1995) (quoting *State v. Cadus*, 70 Haw. 314, 318, 769 P.2d 1105, 1109 (1989)) (internal quotation marks omitted).

Stating the charge in the form of the statute, standing alone, does not satisfy due process. *See 2 Wharton's Criminal Procedure* § 291 (12th ed. 1975) ("it is fatal for an indictment or information to charge disjunctively in the words of the statute, if the disjunctive renders it uncertain which alternative is intended"); Charles Alan Wright & Andrew D. Leipold, *1 Federal Practice and Procedure* § 125 at 555-57 (4th ed. 2008) ("Many statutes specify a variety of ways a particular crime can be committed, and if so, the indictment may allege commission of the offense by all the acts mentioned if it uses the conjunctive 'and' where the statute uses the disjunctive 'or.' But if the pleading alleges several acts in the disjunctive, it fails to give the defendant notice of the acts he allegedly committed and should be found insufficient.").

Without identifying the specific conduct alleged to violate the statute, the complaint here alleges several acts in the disjunctive. It exacerbates that problem by alleging several consequences, also in the disjunctive. Three possible acts performed so as to cause three potential consequences produce nine different permutations against which McCarthy was obliged to defend. The concern is not merely academic, nor is it newly-raised. The need to charge in the conjunctive, irrespective of the language of the statute, has long been recognized. "If there is no inconsistency in the matters alleged, there is no reason

why they may not all be alleged – in the conjunctive, of course, if they are set forth in the statute in the disjunctive." *Territory v. Richardson*, 16 Haw. 358, 360 (1904); *see also Territory v. Lii*, 39 Haw. 574, 579 (1952) ("Where a statute denounces several things as a crime and connects them with the disjunctive 'or', the pleader, in drawing the indictment, should connect them by the conjunctive 'and'.").

"Phrasing a complaint in the disjunctive would not provide [sufficient] notice as it would leave the defendant 'uncertain as to which of the acts charged was being relied upon as the basis for the accusation against him.'" *State v. Lemalu*, 72 Haw. 130, 134, 809 P.2d 442, 444 (1991) (quoting *Jendrusch*, 58 Haw. at 283 n.4, 567 P.2d at 1245 n.4). The pleader needs only to phrase the complaint in the conjunctive to avoid the problem. *Lii*, 39 Haw. at 579. *Accord United States v. UCO Oil Co.*, 546 F.2d 833, 838 (9th Cir. 1976) ("Once it is determined that the statute defines but a single offense, it becomes proper to charge the different means, denounced disjunctively in the statute, conjunctively in each count of the indictment.") (citing *United States v. Alsop*, 479 F.2d 65, 66 (9th Cir. 1973)); *United States v. McGinnis*, 783 F.2d 755, 757 (8th Cir. 1986) ("Federal pleading requires . . . that an indictment charge in the conjunctive to inform the accused fully of the charges.")

Alternatively, this court has recommended that the better approach is to phrase the complaint in both the conjunctive *and* the disjunctive. "[T]he most appropriate method to allege one offense committed in two different ways is to allege in one count that the defendant committed the offense (a) in one way 'and/or' (b) in a second way." *State v. Cabral*, 8 Haw. App. 506, 511, 810 P.2d 672, 675-76 (1991). The supreme court has expressed agreement. *State v. Batson*, 73 Haw. 236, 250, 831 P.2d 924, 932 (1992).[4/]

_____

[4/] The case law notwithstanding, it is not clear to us that phrasing the charge in the conjunctive provides any additional notice over a charge phrased in the disjunctive. The Texas Court of Appeals has commented that:

"It appears to us that the prohibition on disjunctive pleading, in a case such as the instant one, is a hyper-technical rule such as

III. Conclusion

The charge against McCarthy was improperly pled in the disjunctive. As a result, we need not address McCarthy's other points of error.

Therefore, the Judgment filed on January 15, 2009 in the District Court of the First Circuit, Kāne'ohe Division, is vacated and the case is remanded to the district court with instructions to dismiss the charge without prejudice.

DATED: Honolulu, Hawai'i, August 31, 2010.

On the briefs:

Jack Schweigert
for Defendant-Appellant.

Anne K. Clarkin,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

---

might be found in a 19th Century pleading book. It has overtones of the old forms of action, such as trespass, case, debt, detinue, trover, etc. The prohibition of disjunctive pleading, such as that used in the instant case, has no place in the pleading of criminal cases in the 20th Century."

*Hunter v. State*, 576 S.W.2d 395, 399 (Tex. Crim. App. 1979).